IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

LIONEL TIDWELL                                                                    PETITIONER

v.                          NO. 2:06CV00225 JMM-JFF

LINDA SANDERS,
Warden, FCI-Forrest City,
Arkansas                                                                          RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Lionel Tidwell, an inmate at the Federal Correctional Complex in Forrest City, Arkansas (FCC-Forrest City), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking jail time credit on his 125-month federal sentence for possession with intent to distribute cocaine. For the reasons that follow, the Magistrate Judge recommends that the petition be dismissed with prejudice.

Petitioner was arrested by Arkansas State law enforcement officials on February 20, 2001. At the time of his arrest, he was on parole from the Arkansas Department of

Correction ("ADC"). On March 6, 2001, Petitioner was indicted in the United States District Court for the Western District of Arkansas on the charge of possession with intent to distribute cocaine. On March 13, 2001, Petitioner's parole on his state sentence was revoked, he was sentenced to a parole violator term, and he was placed in the Hempstead County Jail in Hope, Arkansas. On March 21, 2001, Petitioner was arrested on the federal drug charge and temporarily transferred to the custody of the United States Marshals Service for appearance on the charge. On the same day, he appeared in federal district court and entered a plea of not guilty. After his federal court appearance, Petitioner was returned to the Hempstead County Jail. On March 26, 2001, he began serving his state parole violator sentence in the ADC.

On April 11, 2001, Petitioner was transferred temporarily from the ADC to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum and placed in the Hempstead County Jail. On September 17, 2001, Petitioner plead guilty in federal district court to the charge of possession with intent to distribute cocaine. On December 20, 2001, the federal district court sentenced him to 125 months' imprisonment. The court ordered that Petitioner's federal term of imprisonment run consecutively to "his undischarged term of imprisonment with the Arkansas Department of Correction." On January 9, 2002, Petitioner was returned to the ADC for service of the remainder of his state parole violator term. On April 4, 2002, he was paroled on his state parole violator term to federal custody pursuant to a federal detainer. On May 9, 2002, Petitioner was transferred to the Federal Bureau of Prisons ("BOP"). On May 16, 2002, he was delivered to FCC-Forrest City for service of his

federal sentence. Petitioner's projected full term date is September 3, 2012. His projected satisfaction date, taking into account good conduct time, is May 2, 2011. Petitioner has not been given any prior credit time.

On September 26, 2002, Petitioner filed a request for administrative remedy at his unit, requesting jail credit on his federal sentence for the period of time from April 11, 2001, through January 19, 2002. On October 17, 2002, Warden Cole Jeter denied Petitioner's request. On March 23, 2002, Petitioner filed an appeal with the South Central Regional Office. On February 20, 2003, the Regional Director denied Petitioner's appeal. The Regional Director determined that Petitioner was not entitled to credit on his federal sentence for the period of time from April 11, 2001, through January 19, 2002. Noting that 18 U.S.C. § 3585(b) authorizes credit for time spent in official detention prior to the imposition of sentence that has not been credited against another sentence, the Regional Director found that it would be contrary to the intent of the statute to award Petitioner credit on his federal sentence for the period of time from April 11, 2001, through January 19, 2002, since he received credit on his state parole violator term for this time period. Petitioner subsequently attempted to file an appeal with the Central Office, but his appeal was rejected as untimely. In 2006, Petitioner again pursued administrative remedies seeking jail credit on his federal sentence for the period of time from April 11, 2001, through January 19, 2002. His request for administrative remedy and subsequent appeals were denied.

On November 27, 2006, Petitioner filed the pending § 2241 petition in this Court. He seeks 309 days of jail credit for the time that he "was under Federal Custody" in the

Hempstead County Jail. He asserts that the BOP has refused to give him the 309 days of credit and requests that this Court order the BOP to grant him the credit.

A habeas petitioner, in order to obtain relief, must demonstrate that "his confinement violates the federal Constitution or federal law." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001); *Closs v. Weber*, 238 F.3d 1018, 1023 (8th Cir. 2001). *See also* 28 U.S.C. § 2241(c)(3); *Bradley v. Fairfax*, 634 F.2d 1126, 1128 n. 4, 1132 (8th Cir. 1980). "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 2(c) of the Rules Governing Section 2254 Cases); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Rule 2(c)). Habeas Rule 2(c) requires that the petition "specify all the grounds for relief available to the petitioner . . . and "state the facts supporting each ground." Habeas Rule 2(c); *Mayle v. Felix*, 545 U.S. at 655. Habeas Rule 2 is applicable to § 2241 petitions through Habeas Rule 1(b). *Antonelli v. Sanders*, 2006 U.S. Dist. LEXIS 14787 at * 3 (E.D. Ark. Feb. 24, 2006) (recommended disposition), adopted by order of district court, 2006 U.S. Dist. LEXIS 14788 (E.D. Ark. Mar. 15, 2006); *Christian v. Holt*, 2005 U.S. Dist. LEXIS 31054 at 2 (M.D. Pa. Nov. 8, 2005); *Hairston v. Nash*, 2005 U.S. Dist. LEXIS 24172 at 3-4 (D.N.J. Oct. 14, 2005). To avoid summary dismissal, a petitioner must state facts pointing to a "'real possibility of constitutional error'" or of a violation of federal law. *See Mayle v. Felix*, 545 U.S. at 655 (quoting Advisory Committee's Note on Habeas Rule 4); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); *Antonelli v. Sanders*, 2006 U.S. Dist. LEXIS 14787 at * 3.

Although Petitioner alleges that the BOP has refused to give him 309 days of credit for time he "was under Federal Custody" in the Hempstead County Jail, he does indicate what particular days or period of time for which he is seeking credit.  Petitioner was incarcerated in the Hempstead County Jail from April 11, 2001 (the date that he was transferred temporarily from the custody of the ADC to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum and placed in the jail), through January 9, 2002 (the date that he was returned to the ADC after being sentenced on his federal conviction). Petitioner also was incarcerated in the Hempstead County Jail prior to April 11, 2001.  In his requests for administrative remedy, Petitioner sought credit for the time spent in custody from April 11, 2001, through January 19, 2002, which was 284 days.  Because it is unclear from Petitioner's allegations for which period of time he is seeking credit on his federal sentence, the Magistrate Judge finds that he has not stated facts pointing to a real possibility that the BOP violated the Constitution or federal law by refusing to give him 309 days of credit for the time that he "was under Federal Custody" in the Hempstead County Jail.

The Magistrate Judge further finds that to the extent Petitioner is seeking credit for the time spent in custody from April 11, 2001, to January 19, 2002,  he is not entitled to such credit. Whether a prisoner who committed a federal offense after November 1,1987, receives "credit" for time spent in custody is governed by 18 U.S.C. § 3585. *Kendrick v. Carlson*, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993); *Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir. 2002); *Lara-Valdez v. Sanders*, 2006 U.S. Dist. LEXIS 27220 at * 4 (E.D. Ark. May 1, 2006). Section 3585 provides:

Calculation of term of imprisonment

(a) Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

  (1) as a result of the offense for which the sentence was imposed; or

  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence* (emphasis added).

Section 3585 does not authorize a district court to award "credit" at sentencing. *United States v. Wilson*, 503 U.S. 329, 333-335 (1992). The issue of crediting is the responsibility of the Attorney General, through the BOP. *Id.* at 335.

Under 3585(b), a defendant is entitled to credit for prior custody toward the service of his federal term of imprisonment for any time he has spent in official detention prior to the date his federal sentence commences as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, unless another sentence has been credited for the same time period.  Under § 3585(b), a defendant cannot receive credit on his federal sentence when he received credit toward his state sentence for the same time period. *United States v. Kramer*, 12

F.3d 130, 132 (8th Cir. 1993). *See United States v. Wilson*, 503 U.S. at 337 (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").

In denying Petitioner's administrative appeal, the Regional Director found that Petitioner received credit on his state parole violator term for the period of time from April 11, 2001, through January 19, 2002. Petitioner has not disputed that he was given credit on his state parole violator term for this time period. Under the circumstances, the Magistrate Judge finds that Petitioner has received credit on his state parole violator term for the period of time from April 11, 2001, through January 19, 2002, and that he is not entitled to this credit on his federal sentence.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice.

IT IS SO ORDERED this 23rd day of July, 2007.

                                                               /s/ John F. Forster, Jr.  
                                                            UNITED STATES MAGISTRATE JUDGE